# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT SCOTT,

    Plaintiff,
vs.

No. 03C 3865

JUDGE SHADUR

CITY OF CHICAGO, OFFICER SHARON CHRISTMAS, STAR No. 31589; OFFICER ANITA QUICK, STAR No. 38483; OFFICER STAR No. 17308; AND OFFICER MITCHELL, STAR No. 10637;

MAGISTRATE JUDGE DENLOW

    Defendants

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, ROBERT SCOTT, by and through his attorney, the LAW OFFICES OF BLAKE HORWITZ, and for his Complaint at Law, against the Defendants, CITY OF CHICAGO, OFFICER SHARON CHRISTMAS, STAR No. 31589; OFFICER ANITA QUICK, STAR No. 38483; OFFICER STAR No. 17308; AND OFFICER MITCHELL, STAR No. 10637; (hereinafter "DEFENDANT OFFICERS") and states as follows:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1981 and §1983; the Judicial Code, 28 U.S.C. §1331 and 1343(a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

**DOCKETED**
JUN 0 6 2003

## PARTIES

2. Plaintiff, ROBERT SCOTT, is a citizen of the State of Illinois, and a citizen of the United States.

3. DEFENDANT OFFICERS were at all times relevant to this complaint duly appointed and sworn police officers for the CITY OF CHICAGO.

4. DEFENDANT OFFICERS engaged in the conduct complained of in the course and scope of their employment and while they were on duty. They are sued in their individual capacities.

5. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of DEFENDANT OFFICERS. At all times material to this complaint, DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, customs and usages of the CITY OF CHICAGO.

## FACTS

6. On or about OCTOBER 24th, 2001, the Plaintiff was stopped by DEFENDANT OFFICERS, in the City of Chicago.

7. After the Plaintiff was stopped by said officers, he was handcuffed.

8. Defendant officer(s) pushed and caused him to collide his head into a metal structure, causing serious injuries.

9. On OCTOBER 24TH, 2001, the Plaintiff did not resist arrest and/or batter either of the DEFENDANT OFFICERS.

10. On OCTOBER 24TH, 2001, the Plaintiff did not obstruct justice and/or assault either of the DEFENDANT OFFICERS.

2

11. On OCTOBER 24TH, 2001 and/or any time thereafter, the DEFENDANT OFFICERS did not charge the Plaintiff with obstruction of justice, battery, assault and/or disorderly conduct.

12. On OCTOBER 24TH, 2001, and/or any time thereafter, the DEFENDANT OFFICERS did not charge the Plaintiff with a criminal offense other then that which relates to travelling at a rate over the speed limit.

13. At no time on OCTOBER 24TH, 2001, had the Plaintiff caused injury to either of the DEFENDANT OFFICERS.

14. The use of force initiated by the DEFENDANT OFFICERS and the failure to intervene in the use of said force, caused an excessive amount of force to be inflicted onto the body of the Plaintiff. Said force was unreasonable and unnecessary.

15. As a direct and proximate result of one or more of the aforesaid acts or omissions of the defendants, plaintiff was caused to suffer serious and permanent personal injury pain, suffering and mental anguish both now and in the future.

### COUNT I
### (§1983 Excessive Use of Force)

16. Plaintiff re-alleges paragraphs 1 through 15.

17. The actions of the DEFENDANT OFFICERS amount to an excessive use of force onto the Plaintiff. This conduct violated the Plaintiffs' Fourth Amendment right to be free from unreasonable seizure.

18. The aforementioned actions of said officers was the direct and proximate cause of the constitutional violations set forth above.

**WHEREFORE**, Plaintiff demands compensatory damages, jointly and severally, from the DEFENDANT OFFICERS. Plaintiff also demands punitive damages, costs and attorney's fees against said Defendants. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### (745 ILCS 10/9-102 Claim Against CITY OF CHICAGO)

19. Plaintiff re-allege paragraphs 1 through 18.

20. Defendant CITY OF CHICAGO is the employer of DEFENDANT OFFICERS.

21. DEFENDANT OFFICERS committed the acts alleged above under color of law and in the scope of their employment as employees of the CITY OF CHICAGO.

**WHEREFORE**, should DEFENDANT OFFICERS be found liable for the acts alleged above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay them any judgment Plaintiff obtains against DEFENDANT OFFICERS as a result of this complaint.

## COUNT III
### MONELL CLAIM AGAINST THE CITY OF CHICAGO

22. The Plaintiff re-alleges paragraphs 1 through 15 as though fully set forth herein.

23. It is the custom, practice and policy of police officers and/or there supervisors/agents and/or other employees of the City of Chicago to perform the following acts and/or omissions in connection with excessive force complaints that are directed at Chicago police officers:

4

    a. Supervisory individuals from the City of Chicago fail to properly discipline City of Chicago police officers that have committed an act of excessive force upon another;

    b. Supervisory individuals from the City of Chicago fail to properly investigate a complaint of excessive force perpetrated by a City of Chicago Police Officer, upon another;

    c. Supervisory individuals from the City of Chicago fail to take proper remedial action against a City of Chicago Police officer once it is determined that he/she has committed an act of excessive force upon another.

24. As a result of the misconduct undertaken by the City of Chicago, through it employees, the Plaintiff suffered serious injuries, as the custom, practice and policy of the City of Chicago permits and/or makes conducive to City of Chicago police officers, the type of conduct that occurred in the instant cause, as alleged in this complaint.

**WHEREFORE**, Plaintiff demands judgment against the City of Chicago, plus attorney's fees and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

Respectfully Submitted.

_____
Attorney for the Plaintiff
Blake Horwitz


Plaintiff demand trial by jury on all counts.

_____
Attorney for the Plaintiff
Blake Horwitz




**LAW OFFICES OF BLAKE HORWITZ**
**Blake Horwitz, Esq.**
**155 N. Michigan, #714**
**Chicago, IL 60601**
**(312) 616-4433**

6

JS 44 (Rev. 3/99) CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
Robert Scott

**DEFENDANTS** City of Chicago, Officer Christmas #31589; Officer Quick, #38483, Officer #17308; Officer Mitchell, #10637

**(b) County of Residence of First Listed Plaintiff** Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, and Telephone Number)**
Law Offices of Blake Horwitz
155 N. Michigan #714 Chicago, IL 60601
312-616-4433

Attorneys (If Known)
JUDGE SHADUR
MAGISTRATE JUDGE DENLOW

03C 3865 DOCKETED JUN 06 2003

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Inj. | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | ☐ 871 IRS—Third Party 26 USC 7609 |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Police Misconduct 42 USC 1981 + 1983; 28 USC 1331 + 1343(a)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. This case**
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case _____, previously dismissed by Judge _____

DATE 6/5/03
SIGNATURE OF ATTORNEY OF RECORD